Lincoln Savings Bank, recurrido, *v.* Efraín Figueroa Ramírez y Rosa C. Lugo, demandados y peticionarios.

*Número:* CE-86-511      *Resuelto:* 26 de junio de 1989

*Alberto O. Lozada Colón*, abogado de los peticionarios; *Antonio Roselló Rentas*, de *Rua & Mercado*, abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Lincoln Savings Bank presentó demanda sobre ejecución de hipoteca por la vía ordinaria ante el Tribunal Superior, Sala de Mayagüez. El tribunal dictó sentencia el 12 de febrero de 1985 en la que declaró con lugar la demanda.

El 8 de abril de 1985 Lincoln Savings Bank presentó moción, solicitando ejecución de sentencia, que se declaró con lugar el 18 de abril de 1985 y se expidieron los correspondientes mandamientos el 22 de abril de 1985. El Alguacil se-

ñaló la celebración de la subasta para el 4 de junio de 1985 a las 11:00 A.M. en su oficina.

A esos efectos, se publicó el edicto de subasta en el periódico *El Reportero* el 14 y el 21 de mayo de 1985 y se fijó copia del mismo en el tablón de edictos del Tribunal Superior, Casa Alcaldía y Colecturía de Rentas Internas de Mayagüez.[1] A la venta acudió como único postor Olympic Mortgage Bankers, a quien se le adjudicó la buena pro por la suma de $18,625.01, y el 6 de junio de 1985 se otorgó ante notario la escritura sobre venta judicial.

El 10 de julio de 1985 la demandada presentó moción en la cual solicitaba que la subasta se declarara nula. Alegó, en síntesis, que la moción sobre ejecución de sentencia no fue notificada a la parte demandada; que el demandante no dio cumplimiento a las disposiciones de la Regla 51.8 de Procedimiento Civil, 32 L.P.R.A. Ap. III; que los demandados desconocían la fecha de la subasta y no pudieron tomar medidas necesarias para proteger sus intereses, y que de haber sabido la fecha de la subasta, entre otras cosas, se hubiera podido presentar a tiempo una petición de quiebra.

El 4 de octubre de 1985 el tribunal celebró vista para la discusión de la moción y, mediante Resolución de 26 de junio de 1986, la denegó.

De dicha resolución acudieron ante nos los demandados mediante recurso de apelación en el cual alegaban, fundamentalmente, que el procedimiento de ejecución de sentencia, la publicación de edictos y la subasta de la propiedad se llevaron a cabo sin cumplir con los requisitos del debido proceso de ley.

El 6 de noviembre de 1986 declaramos no ha lugar al recurso de apelación por no plantear una cuestión constitu-

---

[1] Según consta del Acta de Subasta suscrita el 4 de junio de 1985 por el Alguacil Ángel Luis Martínez.

cional sustancial. Acogimos el mismo como una petición de *certiorari* y le concedimos veinte (20) días al demandante recurrido para que mostrara causa por la cual no debíamos expedir el auto que solicitaba revocar la resolución objeto del recurso y anular la venta judicial. Ordenamos discutir si según la Regla 51.8 de Procedimiento Civil, *supra*, y la decisión en *C.R.U.V. v. Registrador*, 117 D.P.R. 662 (1986), el hecho de no haberse publicado el aviso de subasta en la colecturía y en la escuela pública de San Germán —lugar de residencia del demandado— dio lugar a la nulidad de la subasta. La comparecencia del recurrido no nos persuade a variar lo intimado. Estamos en posición de resolver, expedimos el auto y revocamos la resolución del tribunal de instancia.[2]

I

La publicación de los avisos de venta con anterioridad a la celebración de la subasta en venta judicial es un requisito fundamental íntimamente ligado al debido proceso de ley. Así, en *Dapena Quiñones v. Vda. de Del Valle*, 109 D.P.R. 138, 141–142 (1979), al resolver que la omisión de especificar la oficina del alguacil como el lugar en que iba a celebrarse la venta no era un defecto sustancial que anulara la subasta, expresamos que:

> La omisión no tiene el gravamen ni genera la erosión de derechos presentes en defectos fundamentales del edicto de subasta como lo son, entre otros, la falta de notificación a acreedores posteriores, error en la fecha de subasta, insuficiente

[2] En su comparecencia, el recurrido presentó moción de desestimación en la cual alegó que este Tribunal carece de jurisdicción para considerar el recurso ya que el escrito de apelación se interpuso a los treinta y tres (33) días de haberse notificado la resolución. No tiene razón. Aunque se denominó "apelación", no lo acogimos como tal. Se trata realmente de un recurso de *certiorari* que cuestiona la corrección de la resolución del tribunal de instancia. *Ortalaza v. F.S.E.*, 116 D.P.R. 700, 702 (1985). El mismo no tiene un término específico dentro del cual deba ser presentado. *Dumont v. Inmobiliaria Estado, Inc.*, 113 D.P.R. 406 (1982); *Hull Dobbs Co. v. Tribunal Superior*, 82 D.P.R. 77 (1961).

publicación o deficiente descripción de la propiedad a realizarse. Tales vicios o defectos substanciales, inextricablemente ligados al debido proceso de ley, niegan validez jurídica al edicto, independientemente de que se demuestre perjuicio a alguna parte y se hallan, por tanto, dentro del campo de depuración en que se ejercitan la acción supervisora y la iniciativa del tribunal.

En consonancia con este principio, la Regla 51.8(a) de Procedimiento Civil, *supra*, establece con carácter obligatorio la manera en que han de publicarse los avisos de venta, y expresamente dispone que el incumplimiento de estas disposiciones conlleva la nulidad de la subasta. J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1988, Vol. II, Cap. VIII, pág. 287. La citada regla, en lo pertinente, dispone:

> Será nula toda venta judicial que se realice sin dar cumplimiento al aviso de venta en la forma indicada, sin perjuicio de la responsabilidad de la parte que promoviere la venta sin cumplir con tal aviso. 32 L.P.R.A. Ap. III, R. 51.8(a).

De ahí la importancia de evaluar si en el caso de autos se hizo una adecuada publicación del aviso de venta. En lo referente a la publicación del edicto, la citada Regla 51.8(a) dispone:

> (a) *Aviso de venta*. Antes de verificarse la venta de los bienes objeto de la ejecución, deberá publicarse la misma por espacio de dos (2) semanas mediante avisos por escrito visiblemente colocados en tres sitios públicos del municipio en que ha de celebrarse dicha venta, tales como la alcaldía, el tribunal y la colecturía. Se publicará, además, dicho aviso en la colecturía y en la escuela pública del lugar de la residencia del demandado, cuando ésta fuera conocida, o en un diario de circulación general en el Estado Libre Asociado de Puerto Rico, por espacio de dos (2) semanas y por lo menos una vez por semana. 32 L.P.R.A. Ap. III.

Surge de la declaración jurada de 9 de marzo de 1985 suscrita por el señor Maurás y del Acta de Subasta suscrita

el 4 de junio de 1985 por el Alguacil Martínez que el aviso de venta se publicó en la Alcaldía, en el Tribunal Superior y en la Colecturía del Municipio de Mayagüez, por lo que se cumplió cabalmente con el primer requisito de la regla que exige publicar el edicto en tres (3) lugares públicos del municipio en que se ha de efectuar la venta.

Sin embargo, no es suficiente cumplir con este requisito. La regla establece un segundo requisito al disponer que:

> Se publicará, además, dicho aviso en la colecturía y en la escuela pública del lugar de la residencia del demandado, cuando ésta fuera conocida, o en un diario de circulación general en el Estado Libre Asociado de Puerto Rico, por espacio de dos (2) semanas y por lo menos una vez por semana. 32 L.P.R.A. Ap. III, R. 51.8(a).

Para cumplir con este requisito, el recurrido publicó el aviso de venta en el periódico *El Reportero* el 14 y el 21 de mayo de 1985. Conocía, según consta en los autos, que la parte demandada residía en el Municipio de San Germán, pero no puso aviso de venta ni en la colecturía ni en la escuela pública en este municipio. Alega en su comparecencia que tenía la opción de publicar dicho aviso en un diario de circulación general por espacio de dos (2) semanas o de publicarlo en la colecturía y en la escuela pública del lugar de residencia del demandado. No le asiste la razón.

■ En *C.R.U.V. v. Registrador*, supra, pág. 665, interpretamos la referida Regla 51.8(a) de Procedimiento Civil y concluimos que, en cuanto a este segundo requisito, la ley no establece esa opción, sino que sus disposiciones son de aplicación a dos (2) situaciones distintas. Resolvimos precisamente que:

> Del texto de la regla transcrita surge que al recurrente no le asiste la razón. Ésta no le ofrece la alternativa —además del requisito mandatorio de la publicación en tres lugares públicos del municipio en que se efectuará la venta— de escoger

entre los dos supuestos indicados en la segunda oración de la regla. Estos aplican a dos situaciones posibles distintas entre sí. De conocerse la residencia del demandado, el aviso por lo menos debe colocarse en dos lugares públicos. De no conocerse, existe la obligación de notificar la venta mediante aviso en un periódico de circulación general. (Escolio omitido.) *C.R.U.V. v. Registrador*, supra, pág. 665.

El recurrido alega que la decisión en *C.R.U.V. v. Registrador*, supra, no es de aplicación al caso de autos, ya que la misma tiene efectos prospectivos y sólo aplica en aquellos casos de ejecución de hipoteca donde se celebra la venta judicial a partir de la fecha en que se decidió en adelante. No tiene razón.

■ Aunque la resolución objeto de este recurso fue dictada por el tribunal de instancia el 26 de junio de 1986 y posteriormente, el 30 de junio de 1986, resolvimos *C.R.U.V. v. Registrador*, supra, allí no alteramos la regla ni su interpretación. Por el contrario, resolvimos que "[l]a Regla 51.8 es clara y de cumplimiento estricto". Íd., pág. 666.

En estricto derecho no tenemos por qué resolver este caso según los criterios de retroactividad o prospectividad de una nueva norma o ley.

■ Debemos tener presente que reiteradamente hemos resuelto que en ausencia de disposición expresa que declare su prospectividad, las normas de carácter procesal tienen efecto retroactivo. Esto significa que las mismas son de aplicación a los casos que en ese momento estén pendientes y a los que se presenten con posterioridad a esa fecha. *Ortiz v. Fernós López*, 104 D.P.R. 851, 852 (1976); *Reyes v. Mayagüez Transport*, 86 D.P.R. 273, 281 (1962); *Fuentes v. Srio. de Hacienda*, 80 D.P.R. 203 (1958); *Pueblo v. Tribunal Superior*, 75 D.P.R. 535 (1953); *Pagán v. Otero*, 69 D.P.R. 507 (1949); *Fajardo v. Tribunal de Distrito*, 69 D.P.R. 476 (1949); *López v. South P.R. Sugar Co.*, 62 D.P.R. 238, 243

(1943); *White Star Bus Line v. Corte*, 60 D.P.R. 356, 357 (1942); *Mason v. White Star Bus Line*, 53 D.P.R. 337 (1938); *Zayas Pizarro v. Molina*, 50 D.P.R. 647, 651 (1936); *López v. American Railroad Co. of P.R.*, 50 D.P.R. 1 (1936); *Ojeda v. Gavilán*, 46 D.P.R. 399, 401 (1934). Véase, también, el esc. 2 en la reciente opinión *Medina v. Inter'l Basic Economy Corp.*, 121 D.P.R. 890 (1988).

La norma seguida en *C.R.U.V. v. Registrador*, supra, tiene efecto retroactivo, ya que allí no hicimos señalamiento alguno a los fines de declarar su prospectividad.[3]

◼ Según señalamos anteriormente, la subasta celebrada se realizó sin que se cumpliera con la adecuada publicación de los avisos de venta, lo que constituye un defecto substancial ligado al debido proceso de ley que conlleva la nulidad de la subasta. *Dapena Quiñones v. Vda. de Del Valle*, supra.

*Se dictará sentencia de conformidad con lo aquí expuesto.*

El Juez Asociado Señor Negrón García concurre con el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López disiente por los fundamentos que expusiera en la opinión disidente que emitiera en *C.R.U.V. v. Registrador*, supra, pág. 669.

---

[3] Mediante Resolución de 2 de octubre de 1986, reiterada en la Resolución de 24 de octubre de 1986, declaramos no ha lugar las mociones de reconsideración presentadas en dicho caso que solicitaban se declarara la prospectividad de la decisión.