EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Janette Vega Ortiz, etc.<br>      Demandantes-recurridos<br><br>          v.<br><br>Nelson Bonilla Vázquez y otra<br>      Demandados y peticionario<br>      el primero | Certiorari<br><br>2001 TSPR 35 |

Número del Caso: CC-2000-698

Fecha: 12/marzo/2001

Tribunal de Circuito de Apelaciones:

Circuito Regional V

Juez Ponente:

Hon. Antonio J. Negroni Cintrón

Abogado de la Parte Peticionaria:

Lcdo. Luis E. Rodríguez Santiago

Abogados de la Parte Recurrida:

Lcdo. Juan E. Medina Torres
Lcdo. Juan E. Medina Quintana

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Janette Vega Ortiz, etc.

    Demandantes recurridos

        v.                          CC-2000-698

Nelson Bonilla Vázquez y otra

    Demandados y peticionario
    el primero

PER CURIAM

San Juan, Puerto Rico a 12 de marzo de 2001

La demandante Janette Vega Ortiz por sí y en representación de su hija menor, Carynette Rodríguez Vega, presentó una demanda mediante la cual reclamó daños y perjuicios contra el Sr. Nelson Bonilla Vázquez, su esposa, de nombre desconocido "Jane Doe", y la sociedad de bienes gananciales compuesta por ambos, además de la Aseguradora, Inc. y John Doe. En la segunda y tercera alegación de la demanda enmendada se expone lo siguiente:

> 2. Que los demandados son mayores de edad, casados entre sí y tienen constituida una Sociedad Legal de Gananciales y quienes poseen un seguro de **responsabilidad pública en el vehículo que poseen y con el cual se ocasionaron los daños** que se reclaman en la demandada [sic], incluyendo a ASEGURADORA,

INC., pro[sic] desconocerse el verdadero nombre de la Compañía de Seguros.

3. Que se incluye el nombre de JOHN DOE **por desconocer el verdadero nombre del dueño del vehículo** que conducía el Sr. NELSON BONILLA al ocasionar el accidente que motivó esta demanda.[1]  (Énfasis nuestro.)

El 20 de agosto de 1997, el señor Bonilla Vázquez fue emplazado y el 5 de febrero de 1998, luego de que se le concediera una prórroga, contestó la demanda enmendada negando la mayor parte de las alegaciones y levantando varias defensas afirmativas.  El 17 de marzo de 1999 las demandantes y el codemandado Bonilla Vázquez sometieron un informe sobre conferencia preliminar entre abogados.  El 13 de mayo Bonilla Vázquez presentó una moción solicitando la desestimación parcial de la demanda.  Alegó que "Jane Doe" y la sociedad de bienes gananciales no habían sido emplazadas.[2]

El 28 de febrero de 2000 el foro de instancia denegó la moción de desestimación.  Esta orden fue notificada el 28 de marzo.  Inconforme, el 13 de abril de 2000 el codemandado Bonilla Vázquez presentó petición de certiorari ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) alegando que el foro de instancia erró al denegar la desestimación parcial de la demanda, o sea, al no desestimar las reclamaciones contra "Jane Doe" y la sociedad de bienes gananciales que aún no habían sido emplazadas.

El 30 de junio de 2000 el Tribunal de Circuito emitió resolución negándose a expedir el recurso.  Expresó en la misma que la sociedad de bienes gananciales había sido emplazada al emplazarse al coadministrador de la misma, el codemandado Bonilla Vázquez y que "aunque las aseveraciones de la demanda no expongan, de primera intención, una causa de acción contra la sociedad conyugal, nada de impropio tiene incluirla como parte, ante la eventualidad de que los bienes gananciales puedan responder por una condena pecuniaria si la responsabilidad que se le pudiera imponer a un cónyuge no pudiese ser satisfecha por éste con sus bienes privativos."  Añadió también que el codemandado Bonilla Vázquez no tenía legitimación activa para solicitar la desestimación de las reclamaciones contra "Jane Doe", nombre ficticio bajo el cual aparecía su esposa.

Inconforme con la sentencia, Bonilla Vázquez presentó ante nos una petición de certiorari señalando como único error el siguiente:

---

[1]    En la demanda original presentada el 13 de mayo de 1997, aparentemente por equivocación, se indicó en el epígrafe y en las alegaciones que el codemandado era Jaime Bonilla.  En la demanda enmendada de 28 de julio de 1997 se corrigió este error y en el epígrafe y las alegaciones aparece como codemandado Nelson Bonilla.  Ésta fue la persona emplazada.
       Cabe señalar además, que si el vehículo con el que el señor Bonilla Vázquez causó el accidente era de la sociedad de bienes gananciales ésta podría ser solidariamente responsable por los daños causados.  Véase, Sec. 13-101 de la Ley Núm. 141 de 20 de julio de 1960, según enmendada, 9 L.P.R.A. sec. 1751.

[2]    Cabe señalar que de la moción no surge que se haya comparecido a nombre de "Jane Doe" y la Sociedad de Bienes Gananciales.  En otras palabras, compareció por conducto de su abogado, pero a nombre propio para solicitar

Cometió Grave Error de Derecho el Honorable Tribunal de Circuito de Apelaciones (Circuito Regional V de Ponce y Aibonito), al determinar que con el emplazamiento del co-demandado-peticionario, Nelson Bonilla Vázquez, se emplazó a la Sociedad Legal de Gananciales y que dicho co-demandado carece de legitimación activa para solicitar la desestimación de la demanda a nombre de Jane Doe.

El 30 de octubre de 2000 emitimos resolución concediéndole a la parte demandante recurrida término para que mostrara causa por la cual no deberíamos expedir el recurso presentado y revocar la resolución emitida por el Tribunal de Circuito el 10 de junio de 2000. Con el beneficio de la comparecencia de ésta resolvemos sin ulteriores procedimientos.

En esencia, el peticionario plantea que erró el Tribunal de Circuito al resolver que la sociedad legal de gananciales constituida por Bonilla Vázquez y "Jane Doe", fue debidamente emplazada, al emplazarse al codemandado Bonilla Vázquez y que éste carecía de legitimación activa para solicitar la desestimación de las reclamaciones contra su esposa "Jane Doe."

El Art. 91 del Código Civil, 31 L.P.R.A. sec. 284, establece que ambos cónyuges son coadministradores de la sociedad legal de gananciales y que cualquiera de ellos podría representar legalmente a dicha sociedad. Además, dispone que cualquiera de los cónyuges puede otorgar mandato para que el otro sea el único administrador de la sociedad legal de gananciales.

La sociedad legal de gananciales es una entidad económica familiar sui géneris. Torres v. A.E.E., 96 D.P.R. 648, 653 (1968). Es también una entidad jurídica separada de los cónyuges que la componen, con personalidad propia y distinta. Int'l Charter Mortgage Corp. v. Registrador, 110 D.P.R. 862 (1981).

En Pauneto v. Núñez, 115 D.P.R. 591,594 (1984) al profundizar sobre la norma procesal de que con el emplazamiento de uno solo de los coadministradores de dicha sociedad es posible adquirir jurisdicción sobre la misma expresamos en relación con los casos en los cuales se apoya la norma procesal antes expuesta, que, **"un examen cuidadoso refleja que en todos esos casos la sociedad legal fue expresamente demandada, <u>objeto de alegaciones y emplazada</u>."** En otras palabras, al ser "una entidad jurídica separada con personalidad propia y distinta de los cónyuges que la componen ...no absorbe la personalidad individual de los cónyuges".

Este Tribunal ha reconocido que cuando la sociedad legal de gananciales es demandada, su emplazamiento por conducto de uno solo de los coadministradores de dicha sociedad es suficiente para adquirir jurisdicción sobre la misma. Sin embargo, la mejor práctica es incluir a ambos como medida cautelar ante la eventualidad de que surja un conflicto de intereses. Pauneto v. Núñez, *supra*.

Ahora bien, a tenor con las normas procesales antes expuestas, cuando en un pleito se demanda a ambos cónyuges y a la sociedad de bienes gananciales, para que el tribunal **<u>adquiera jurisdicción sobre todos</u>** es necesario que se **<u>emplace a todos</u>**. El hecho de que se

---

un remedio para los codemandados que aún no habían comparecido

haya emplazado a uno o a ambos cónyuges no significa que automáticamente la sociedad de bienes gananciales haya quedado emplazada. Hay que tener presente que los tres tienen personalidad jurídica propia e independiente. Para que la sociedad de bienes gananciales quede emplazada, del emplazamiento tiene que surgir que éste va dirigido a ella por conducto de uno o ambos cónyuges.

En el caso de autos, del emplazamiento y su diligenciamiento, surge con meridiana claridad que éste iba dirigido a traer ante el tribunal al codemandado Bonilla Vázquez. No se mencionó en parte alguna a la sociedad de bienes gananciales ni se aseveró que se le estaba emplazando por conducto de Bonilla Vázquez como su coadministrador. No se trajo ante el tribunal a dicha entidad. Erraron pues, tanto el tribunal de instancia como el Tribunal de Circuito al determinar que la sociedad de bienes gananciales había sido debidamente emplazada por conducto de uno de sus coadministradores, Bonilla Vázquez.[3]

Sin embargo, actuaron correctamente al determinar que Bonilla Vázquez no estaba autorizado para comparecer a nombre de su esposa "Jane Doe" y solicitar la desestimación de la reclamación en contra de ésta.

Por las razones antes expuestas procede expedir el recurso solicitado, revocar la resolución del Tribunal de Circuito mediante la cual este se negó a expedir el recurso de certiorari presentado y devolver el caso al Tribunal de Circuito para que continúen los procedimientos de forma compatible con lo aquí resuelto.

---

voluntariamente.

[3]  El caso de autos es claramente distinguible del caso Urbino v. San Juan Racing Assoc., Inc., 141 D.P.R. 210 (1996). En dicho caso uno de los cónyuges, el esposo, invocó la jurisdicción del tribunal mediante la presentación de una demanda de cuyas alegaciones se desprendía que la reclamación era una de naturaleza ganancial. Allí expresamos que "si *posteriormente se prueba*, ha de estimarse la acción a nombre de la sociedad legal de gananciales, sin que la omisión inicial de una alegación al respecto sea defectuosamente fatal". *Ibid*. pág. 214. Consideramos que estábamos "ante la presencia de un acto unilateral de uno de los cónyuges al amparo de su facultad de jure de administrar y representar judicialmente a la sociedad legal de bienes gananciales". *Ibid* pág. 215. Como podrá observarse, en ese caso se trataba de una reclamación de un bien ganancial hecha por uno de los administradores de la sociedad de bienes gananciales, donde de la demanda surgía con meridiana claridad qué era lo que se estaba reclamando y para quién.

De otra parte, en el caso de autos se trata de una **reclamación contra la sociedad legal de bienes gananciales, el esposo y la esposa.** O sea, se está reclamando contra los tres, los tres son demandados y el tribunal tiene que adquirir jurisdicción sobre los tres. Sólo se emplazó al esposo codemandado quien oportunamente solicitó la desestimación de la reclamación contra la sociedad de bienes gananciales por no haberse emplazado a la misma.

En el caso Urbino v. San Juan Racing, Asoc., Inc., *supra*, fue uno de los administradores de la sociedad de bienes gananciales el que invocó la jurisdicción del tribunal para reclamar por dicha sociedad, sometiéndola así a su jurisdicción. En el caso ante nuestra consideración se pretende traer ante la jurisdicción del tribunal a la sociedad de bienes gananciales y al esposo mediante la utilización de un solo emplazamiento en el cual ni siquiera se menciona dicha sociedad. Aquí no ha habido sumisión voluntaria y ni siquiera de las alegaciones de la demanda surge una causa de acción contra la sociedad legal de bienes gananciales.

Se emitirá la correspondiente sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Janette Vega Ortiz, etc.

    Demandantes recurridos

       v.                        CC-2000-698

Nelson Bonilla Vázquez y otra

    Demandados y peticionario
    el primero

SENTENCIA

San Juan, Puerto Rico a 12 de marzo de 2001

Por las razones expuestas en la Per Curiam que antecede, la cual forma parte integral de esta Sentencia, procede expedir el recurso solicitado, revocar la resolución del Tribunal de Circuito mediante la cual este se negó a expedir el recurso de certiorari presentado y devolver el caso al Tribunal de Circuito para que continúen los procedimientos de forma compatible con lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri disiente con opinión escrita. El Juez Asociado señor Corrada del Río disiente sin opinión escrita. El Juez Asociado señor Rivera Pérez no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Janette Vega Ortiz, Etc.

    Demandantes-Recurridos


      vs.               CC-2000-698    Certiorari


Nelson Bonilla Vázquez, Etc.

    Demandados-Peticionario
    el Primero



Opinión Disidente emitida por el Juez Asociado señor FUSTER BERLINGERI.



San Juan, Puerto Rico, a 12 de marzo de 2001.


Debo disentir en el caso de autos del dictamen de la mayoría del Tribunal formulado en una Opinión Per Curiam, por entender que es contrario a normas bien establecidas de nuestro ordenamiento jurídico.

En Pauneto v. Núñez, 115 D.P.R. 591, 594 (1984), resolvimos que con el emplazamiento de uno solo de los co-administradores de una sociedad legal de gananciales se adquiere jurisdicción sobre dicha sociedad si ésta fue expresamente demandada y emplazada. El emplazamiento de la sociedad de gananciales por conducto de uno solo de los co-administradores de dicha sociedad es, pues, suficiente para adquirir jurisdicción sobre ella.

En el caso de autos, la parte demandante incluyó expresamente como demandados, no sólo al señor Bonilla Vázquez sino, además, a su esposa Jane

Doe, cuya identidad particular desconocía, **y a la sociedad legal de gananciales integrada por ambos**. Sus alegaciones, pues, van dirigidas expresamente, no sólo contra ambos cónyuges, sino también de modo claro contra la sociedad legal de gananciales que estos tenían constituida.

Es cierto que no se especificó en la demanda que la acción contra Bonilla Vázquez se incoaba tanto en su carácter personal como en su carácter de representante de la sociedad de gananciales; pero ello estaba implícito. No es difícil entender que el carácter y propósito de la demanda en cuestión era demandar a la sociedad por conducto de uno de sus co-administradores. En nuestra jurisdicción es asunto trillado ya que en las alegaciones sólo es necesario bosquejar la controversia a grandes rasgos. No se necesitan palabras sacramentales, ni formulaciones muy elaboradas para que las alegaciones sean suficientes. Polanco v. Tribunal Superior, 118 D.P.R. 350, 358-359 (1987); Vélez Toro v. Latimer, 125 D.P.R. 109 (1990).

El dictamen de la mayoría en el caso de autos nos revierte a las épocas del rigorismo formalista, que es tan contrario al sentido y propósito de nuestro ordenamiento civil procesal vigente. En dicho dictamen tampoco se pondera debidamente la imposibilidad de emplazar a Jane Doe, una persona cuya identidad es desconocida. La mayoría del Tribunal impone aquí **la medida drástica** de desestimar la acción referida, a pesar de que todos los integrantes de la parte demandada quedaron debidamente apercibidos de la acción en su contra.

Es por ello que debo disentir del dictamen mayoritario en el caso de autos.


JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO