Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (X)

| | | |
|---|---|---|
| ROBERTO LÓPEZ HERRERA<br><br>Peticionario<br><br>v.<br><br>SUCESIÓN DE FLORA HERRERA MONTALVO, COMPUESTA POR SUS HIJOS: IRIS MARGARITA LÓPEZ HERRERA, TERESA SANTANA HERRERA, ÁNGEL LUIS CAQUÍAS HERRERA, FLORENCIO CAQUÍAS HERRERA, GLORIA ESTHER LÓPEZ HERRERA Y SUS HIJOS JANE DOE Y JOHN DOE<br><br>Recurridos | TA2025CE00114 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil núm.: PO2022CV01397 (604)<br><br>Sobre: Partición, Liquidación y Adjudicación de Caudal Relicto |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 10 de septiembre de 2025.

Comparece ante este tribunal apelativo, el Sr. Roberto López Herrera (señor López Herrera o peticionario) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la *Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI) el 24 de junio de 2025. Mediante esta, el foro primario determinó que la notificación de la Sentencia fue devuelta por el servicio postal como consecuencia de circunstancias que hacían insuficiente su notificación, por lo que la misma no era final, ni firme y; por consiguiente, no era ejecutable.

Por los fundamentos que expondremos a continuación, determinamos expedir el auto de *certiorari* solicitado y revocar el dictamen recurrido.

**I.**

El 28 de mayo de 2022, el señor López Herrera presentó una demanda sobre partición y liquidación del caudal hereditario de la causante Flora Herrera Montalvo. Como parte demandada figuró la Sucesión de Herrera Montalvo, compuesta por los hijos de la causante y los hermanos de López Herrera, a saber: Gloria Esther López Herrera, Iris Margarita López Herrera, Teresa Santana Herrera, Ángel Luis Caquías Herrera y Florencio Caquías Herrera. Por haber fallecido la Sra. Gloria Esther, después de la causante y antes de la presentación de la demanda, se incluyó como co-demandados a los hijos de ésta como: Jane Doe y John Doe, al desconocerse sus verdaderos nombres. Arguyó en dicho escrito que, aunque se desconoce el paradero de los demandados, estos residen en alguna parte de los Estados Unidos de América. Por tal razón, solicitó la publicación de los emplazamientos y notificación mediante edictos, según la Regla 4.6 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V. R.4.6.[1]

Ese mismo día, 28 de mayo de 2022, el peticionario presentó una *Moción Solicitando se Expidan Emplazamientos por Edicto.*[2] Amparó su petición en la Regla 4.6 de las Reglas de Procedimiento Civil, *supra*, toda vez que la parte demandada no residía en Puerto Rico. Ante dicho petitorio, el TPI mediante una *Orden* emitida el 1 de junio de 2022, le ordenó presentar el Proyecto de Orden y el Emplazamiento en el término de cinco (5) días.[3]

En cumplimiento con la determinación del foro primario, el 2 de junio de 2022, el señor López Herrera presentó dos mociones intituladas *Moción Solicitando Emplazamiento por Edicto* y *Moción*

---

[1] Véase, expediente digital del caso PO2022CV01397 en el Sistema Unificado de Manejo y Administración de Casos de Tribunal de Primera Instancia (SUMAC TPI), Entrada núm. 1.
[2] *Íd.*, Entradas núm. 2 y núm. 3.
[3] *Íd.*, Entrada núm. 4.

*para Acompañar Emplazamiento por Edicto.[4]* Adjuntó a estas el proyecto de *Orden,* autorizando que se expidan los emplazamientos, y el proyecto de *Emplazamiento por Edicto.* En el proyecto de emplazamiento se hace constar la identidad de las partes demandadas y, **por primera vez, las últimas direcciones de los demandados conocidas por el peticionario**. Estas son las siguientes:

**SUCESION DE FLORA HERRERA MONTALVO**

**Ángel Luis Caquías Herrera**
Callum núm.43 Springfield, MA 01199

**Florencio Caquías Herrera**
Callum núm.43 Springfield, MA 01199

**Teresa Santana Herrera**
177 Roy Street Springfield MA, 01104

**Gloria Esther López Herrera, sus hijos Jane Doe, Jonh Doe**
2226 Villa Grillasca Calle Rito Morel, Ponce, PR 00717

**Iris Margarita López Herrera**
Bo. La Gloria Sector Pellín Cruz Calle 5 núm.17 Trujillo Alto, PR 00976.[5]

El 3 de junio de 2022, el TPI emitió una ***Orden* declarando *Ha Lugar* a la solicitud del peticionario de emplazar mediante edicto**. Ese mismo día, la Secretaría del foro primario expidió los emplazamientos solicitados.

El 10 de junio de 2022, el señor López Herrera presentó una *Moción para Informar sobre Emplazamiento por Edicto.[6]* En esta, notificó al tribunal sobre la publicación del edicto el 8 de junio de 2022 en el periódico de circulación general, El Nuevo Día. Adjuntó a su moción los edictos publicados en el periódico.

En esa fecha, el TPI emitió una *Orden* tomando conocimiento de la publicación del edicto y solicitándole al peticionario que someta la declaración jurada del periódico.

---

[4] *Íd.*, Entradas núm. 6 y núm. 7.
[5] Véase Anejo, según surge expediente digital del caso PO2022CV01397, SUMAC TPI Entrada núm.7.
[6] Expediente digital del caso PO2022CV01397, SUMAC TPI, Entrada núm.12.

El 18 de julio de 2022, el señor López Herrera presentó un escrito intitulado *Moción en Solicitud de Anotación de Rebeldía.*[7] Arguyó que, transcurrido el término para que la parte demandada conteste la demanda o solicite prórroga para contestarla, procedía la anotación de rebeldía.

El 19 de julio de 2022, el TPI declaró *No Ha Lugar* a la referida solicitud. A su vez, le ordenó cumplir con lo dictado el 10 de junio de 2022, sobre declaración jurada del periódico, antes de anotar la rebeldía. Del mismo modo, le requirió al señor López Herrera que sometiera el emplazamiento negativo de la codemandada, Sra. Iris Margarita López Herrera.

El 29 de julio de 2022, en cumplimiento con lo ordenado por el TPI, el peticionario presentó una *Moción para Informar sobre Emplazamiento Negativo.*[8] Mediante dicha moción le comunicó al TPI que, en cuanto a la Sra. Iris Margarita López Herrera, se emplazó por edictos, ya que la dirección que se incluyó es la única conocida y desconoce si ella reside actualmente en dicha dirección.

Así las cosas, el 17 de agosto de 2022, el TPI tomó conocimiento de lo informado.[9] El 25 de enero de 2023, el foro *a quo* emitió una *Sentencia,* mediante la cual declaró la rebeldía contra la parte demandada y declaró *Ha Lugar* a la demanda de epígrafe, concediendo el remedio solicitado.[10] El 27 de enero de 2023, se notificó la referida determinación y se expidió la notificación de *Sentencia* por edicto.

Luego de varios trámites procesales, que no son necesarios pormenorizar, el 25 de febrero de 2025, el representante legal del señor López Herrera, presentó una *Moción en Solicitud de Renuncia y/o* [sic] *Relevo de la Representación Legal.*[11] Mediante la *Orden* del

---

[7] *Íd.*, Entrada núm. 14.
[8] *Íd.*, Entrada núm. 16.
[9] *Íd.*, Entrada núm. 17.
[10] *Íd.*, Entrada núm. 23.
[11] *Íd.*, Entrada núm. 34.

mismo día, el TPI determinó *No Ha Lugar* en este momento y expresó que la moción presentada no cumplió con los requisitos esbozados en la Regla 9.2 de las Reglas de Procedimiento Civil, *supra*, y que desde el 27 de enero de 2023 se dictó *Sentencia* y se expidió la notificación de la misma mediante edicto. Sin embargo, añadió que el peticionario no acreditó el trámite relacionado con la publicación del edicto de la notificación de sentencia. Lo que resulta ser un trámite indispensable para que, en efecto, el tribunal pueda constatar que el dictamen fue debidamente notificado.[12]

El 28 de febrero de 2025, el señor López Herrera presentó un escrito intitulado *Moción en Cumplimiento de Orden Solicitud de Expedición de Notificación de Sentencia por Edictos.*[13] En esta, argumentó que por diversas razones y, mayormente, por inadvertencia no se publicó la notificación de la sentencia. Por lo que, solicitó la expedición nuevamente de la misma. Ese mismo día, el TPI ordenó la expedición de una nueva notificación de sentencia por edicto.[14]

El 21 de marzo de 2025, el señor López Herrera presentó una *Moción para Informar Notificación de Publicación de Edicto de Sentencia.*[15] Mediante esta, acreditó la publicación del edicto y el envío de la notificación de la sentencia a la última dirección conocida de los demandados. **Estas eran las mismas direcciones a la que se remitió la notificación de los emplazamientos por edicto**. Incluyó el edicto publicado, las cartas de notificación y las boletas de correo certificado con acuse de recibo.

El 24 de marzo de 2025, el TPI emitió una *Orden* mediante la cual le concedió tres (3) días al peticionario para someter el *Certified Mail Receipt* de la carta por correo certificado. Ello, toda vez que el

---

[12] *Íd.*, Entrada núm. 35.
[13] *Íd.*, Entrada núm. 36.
[14] *Íd.*, Entrada núm. 37.
[15] *Íd.*, Entrada núm. 39.

edicto había sido publicado el 4 de marzo de 2025 y las cartas estaban fechadas el 21 de marzo siguiente.[16]

Este mismo día, 24 de marzo, el señor López Herrera presentó una *Moción para Informar Notificación de Certified Mail Receipt de la Carta por Correo Certificado.*[17] Mediante esta, acreditó y acompañó el *Certified Mail Receipt* y el recibo del correo postal fechados el 24 de marzo de 2025.

El 24 de marzo de 2025, el TPI emitió una *Orden* determinando que, de la documentación provista como evidencia del depósito en el correo, surge que la misma fue realizada en exceso de los diez (10) días de la publicación del edicto.[18] Adicionalmente, ordenó a la Secretaría del tribunal a expedir nuevamente la notificación de la sentencia por edicto para que la parte pueda acreditar la tramitación en el término correspondiente.

El 28 de marzo de 2025, el señor López Herrera presentó un escrito informando la notificación de la publicación de edicto de la sentencia. En este, acompañó el edicto publicado y la carta de notificación fechadas el 27 de marzo; así como las boletas del *Certified Mail Receipt* y el correspondiente recibo de pago del correo postal, con fecha del 28 de marzo de 2025.[19] Nuevamente, se demostró que el envío de las cartas se realizó a las mismas direcciones del petitorio para emplazar por edicto.

Así las cosas, en la referida fecha el foro *a quo* emitió una *Orden* proveyéndole un término de diez (10) días a la parte para presentar la declaración jurada del periódico que acreditara la publicación del edicto.[20]

En dicho día, el señor López Herrera instó una *Moción para Informar sobre Declaración Jurada que Acredita la Publicación de la*

---

[16] *Íd.*, Entrada núm. 40.
[17] *Íd.*, Entrada núm. 41.
[18] *Íd.*, Entrada núm. 42.
[19] *Íd.*, Entrada núm. 45.
[20] *Íd.*, Entrada núm. 46.

*Sentencia por Edicto.*[21] Acompañó la misma con la declaración jurada del periódico.

Tres días posteriores, el 31 de marzo de 2025, el señor López Herrera presentó una *Moción en Solicitud de Relevo de Representación Legal.*[22] En esta, el Lcdo. Joel Caraballo Cintrón solicitó se le relevara de la representación legal del caso, arguyó que los servicios por los que fue contratado finalizaron, luego de cumplir con las órdenes del tribunal, y por diferencias irreconciliables con el señor López Herrera. Asimismo, certificó haber hecho envío de la moción a su representado.

El 7 de abril de 2025, con referencia a la Entrada núm.47 de SUMAC sobre la *Moción para Informar sobre Declaración Jurada ...,* el TPI dio por cumplida la orden.[23] Ese mismo día, mediante una *Resolución Interlocutoria* en referencia a la *Moción en Solicitud de Relevo de Representación Legal* presentada en la Entrada núm.48 de SUMAC, el TPI determinó "No Ha Lugar en este momento".[24] El foro primario argumentó que no se acreditó el recibo de las notificaciones por correo certificado del edicto; y que, por lo tanto, la *Sentencia* no era final y firme. Le concedió al señor López Herrera el término de cinco (5) días para presentar el acuse de recibo de las cartas enviadas.

El 8 de abril de 2025, el peticionario presentó una *Moción para Informar Envío Notificación de publicación de Edicto de Sentencia.*[25] A través del referido escrito, acreditó haber enviado la notificación de la sentencia por edicto por correo certificado con acuse de recibo, y acompañó nuevamente el documento con copia del recibo de pago del correo postal y las boletas del *Certified Mail Receipt* con fecha del 28 de marzo de 2025.

---

[21] *Íd.*, Entrada núm. 47.
[22] *Íd.*, Entrada núm. 48.
[23] *Íd.*, Entrada núm. 50.
[24] *Íd.*, Entrada núm. 51.
[25] *Íd.*, Entradas núm. 53 y 54.

En dichas boletas hizo constar el envío de las cartas a las siguientes direcciones: Ángel Luis Caquías Herrera- **Callum núm. 43 Springfield, MA 01199**; Florencio Caquías Herrera- **Callum núm. 43 Springfield, MA 01199**; Teresa Santana Herrera- **177 Roy Street Springfield MA, 01104**; Gloria Esther López Herrera **2226 Villa Grillasca Calle Rito Morel, Ponce, PR 00717**; e Iris Margarita López Herrera- **Bo. La Gloria Sector Pellín Cruz Calle 5 #17, Trujillo Alto, PR 00976**.[26]

El 10 de abril de 2025, el TPI emitió una *Resolución Interlocutoria* en la que determinó que se daba por cumplida la *Orden* del tribunal.[27] El mismo día, emitió otra *Orden* en la que le concedió al señor López Herrera el término de diez (10) días para presentar el acuse de recibo de las cinco notificaciones.[28]

El 14 de mayo de 2025, el señor López Herrera instó una *Moción para Informar y Cumplimiento de Orden*.[29] En esta, arguyó haber cumplido con la Regla 65.3 de las Reglas de Procedimiento Civil, *supra*, al notificar por correo certificado con acuse de recibo a la última dirección conocida. Reconoció, a su vez, que la tardanza en el cumplimiento se debió a que el 13 de mayo de 2025, se recibió a vuelta de correo la última carta. Adjuntó copia del dorso de las cartas con las boletas del correo certificado adheridas al sobre de envío.

El 15 de mayo de 2025, el TPI dispuso el término de diez (10) días al señor López Herrera para presentar la parte frontal de los sobres de las cartas que fueron devueltas.[30]

Ese mismo día, el peticionario presentó la parte frontal de las cartas con distintas inscripciones adheridas por el correo postal. Las misivas enviadas a Ángel Luis y a Florencio Luis, ambos de apellidos

---

[26] *Íd.*, Entrada núm. 54.
[27] *Íd.*, Entrada núm. 57.
[28] *Íd.*, Entrada núm. 58.
[29] *Íd.*, Entrada núm. 59.
[30] *Íd.*, Entrada núm. 60.

Caquías Herrera, establecían que fueron devueltas al remitente tras no lograrse enviar al recipiente por no existir receptáculo o depósito para el correo a la dirección establecida.[31] Por otro lado, las enviadas a Gloria Esther e Iris Margarita, ambas de apellidos López Herrera, fueron devueltas con una inscripción que suscribía que debían ser devueltas al remitente por ser la dirección insuficiente.[32]

Así las cosas, el 24 de mayo de 2025, el TPI emitió la *Orden* recurrida en la que estableció que la notificación de la *Sentencia* resultó devuelta por el servicio postal debido a circunstancias que hicieron insuficiente su notificación, por lo que la sentencia no es final, firme ni ejecutable.[33]

En desacuerdo con la determinación, el peticionario acudió ante este foro apelativo imputándole al TPI la comisión del siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA DE PONCE, AL DETERMINAR QUE LA NOTIFICACIÓN DE LA SENTENCIA A LA PARTE DEMANDADA QUE SE ACREDITA A SU DIRECCIÓN CONOCIDA RESULTÓ DEVUELTA POR EL SERVICIO POSTAL POR CIRCUNSTANCIAS QUE HACEN INSUFICIENTE SU NOTIFICACIÓN, POR LO QUE LA SENTENCIA NO ES FINAL, FIRME NI EJECUTABLE.

Luego de evaluar el escrito del peticionario y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**Auto de *Certiorari***

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León v.*

---

[31] La inscripción *ad verbatim*, establecía lo siguiente:
*"RETURN TO SENDER*
*NO MAIL RECEPTACLE*
*UNABLE TO FORWARD"*
[32] La inscripción *ad verbatim*, establecía lo siguiente:
"RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD"
[33] Véase, expediente digital del caso en SUMAC TPI, Entrada núm. 61.

*AIG*, 205 DPR 163, 174 (2020); *IG Builders at al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001). Para poder ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 62-63, 215 DPR ____ (2025), dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, a la pág. 176.

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o

de derecho sustantivo. *BBPR v. SLG Gómez-López,* 213 DPR 314, 334-335 (2023); *Ramos v. Wal-Mart,* 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico,* 152 DPR 140, 155 (2000).

**Regla 65.3 de las de Procedimiento Civil y la notificación de la sentencia**

El archivo en autos de copia de la notificación a las partes de la sentencia "constituye la constancia oficial de la notificación que la ley requiere", y por su importancia "no es ni puede ser un acto caprichoso del secretario". *Moreno González v. Cooperativa,* 178 DPR 874, 858 (2010). Dicho deber de notificación, no es un mero requisito impuesto por las Reglas de Procedimiento Civil. Su imperiosidad se debe **al efecto que tiene la notificación sobre los procedimientos posteriores a la sentencia**. La notificación correcta **es característica imprescindible del debido proceso de ley**. *Íd.*

El propósito que sirve la notificación es proteger el derecho de procurar la revisión judicial de la parte afectada por un dictamen *a quo* adverso. Este propósito queda reiterado por el hecho de que, si no se cumple con el trámite de notificación de las sentencias, **estas no surtirán efecto alguno ni podrán ser ejecutadas**. *Íd.,* a la pág. 859. Es decir, "[c]uando se trata de una sentencia, el secretario les notifica a las partes sobre la adjudicación final, su derecho a apelar, y la fecha exacta del archivo de dicha notificación en los autos, que es la que determina desde cuándo empieza a correr el término para apelar." *Íd.,* citando a *Rodríguez v. Tribunal Municipal,* 74 DPR 656, 664 (1953), el cual cita a su vez a *Natividad de Jesús Maldonado v. Corporación Azucarera de Puerto Rico,* 145 DPR 899, 904 (1998).

El fundamento reside en que una correcta y oportuna notificación de las órdenes, resoluciones y sentencias es requisito *sine qua non* de un ordenado sistema judicial. Su omisión puede

conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial". *Íd.*

Al respecto, la Regla 65.3 de Procedimiento Civil, 32 LPRA Ap. V, 65.3, dispone la forma en que un tribunal tiene que notificar sus órdenes y sentencias a las partes. En lo aquí pertinente, en su inciso (c), esta norma dispone:

> (c)[...] En el caso de partes en rebeldía que hayan sido emplazadas, por edictos y que nunca hayan comparecido en autos o **de partes demandadas desconocidas**, el Secretario o Secretaria expedirá **un aviso de notificación de sentencia por edictos para su publicación por la parte demandante**. El aviso dispondrá que éste, debe publicarse una sola vez en un periódico de circulación general en la Isla de Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. **Copia del aviso de notificación de sentencia publicado será notificada a la parte demandada por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto <u>a la última dirección conocida del demandado</u>. Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado.** [Énfasis nuestro].

### III.

En el caso ante nuestra consideración, el peticionario señaló que erró el TPI al determinar que la sentencia no era final y firme y, por lo tanto, no era ejecutable tras haber sido devuelta la carta de notificación de sentencia por correo certificado.

Advertimos que, según razonó el TPI, la devolución de las cartas por el correo se debió a circunstancias que hacen insuficiente su notificación. En ese sentido, nos corresponde determinar si la notificación de una sentencia en rebeldía publicada mediante edicto, a las partes codemandadas que nunca comparecieron ante el tribunal, es insuficiente tras la devolución de las misivas notificando su publicación con las inscripciones de *"insufficient address"* y *"no mail receptacle"*.

Analizado el señalamiento de error; así como los documentos que se acompañaron en el recurso, concluimos que en el caso de epígrafe están presentes los criterios esbozados en la Regla 40 de nuestro Reglamento, *supra,* que justifican nuestra intervención. Por ello, y al tenor con lo establecido en la Regla 65.3(c) de las Reglas de Procedimiento Civil, *supra*, y la jurisprudencia aplicable, resolvemos expedir el auto de *certiorari* y revocar la determinación recurrida.

Como mencionamos, en nuestro ordenamiento jurídico, el deber de la notificación de la sentencia es un requisito *sine qua non* del debido proceso de ley -en su vertiente procesal- dentro de un sistema judicial ordenado. *Plan de Salud Unión v. Seaboaard Sur. Co.,* 182 DPR 714, 721 (2011). La notificación a una dirección incorrecta distinta a la que consta en el expediente del caso es como si no se hubiera notificado. *Íd.; Vélez v. A.A.A.,* 164 DPR 772, 790 (2005).

Sabido es que, cuando la parte demandada fue emplazada por edicto, al desconocerse su paradero o al no poder ser localizada a su última dirección conocida, **será notificada de la sentencia mediante edicto.** *R&G Mortgage v. Arroyo Torres y otros*, 180 DPR 511, 519 (2010). En ese sentido, las Reglas de Procedimiento Civil y nuestro ordenamiento jurídico establecen que la parte demandada será notificada exactamente de la misma forma en la que fue emplazada. *Íd.* Esta norma aplica de igual manera a partes demandadas desconocidas.

El término para recurrir en alzada, precisamente, comenzará a decursar a partir desde la fecha de publicación del edicto mediante la cual la parte demandada debió advenir en conocimiento sobre la misma.

Por otro lado, nuestro estado de derecho obliga al demandante a hacer envío por correo certificado con acuse de recibo a la parte demandada. Sobre esto, el tratadista Hernández Colón, explica que

la Regla 65.3 (c) de las Reglas de Procedimiento Civil, *supra*, establece que el envío de la copia de aviso de sentencia publicada será notificada por correo certificado con acuse de recibo **a la última dirección conocida del demandado**. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis de Puerto Rico, 2017, Sec. 1704, pág. 216.

Aunque el envío por correo con acuse de recibo es requisito *sine qua non* de nuestro ordenamiento procedimiento civil, la devolución de una carta de notificación no hace insuficiente la misma si la parte que realiza el envío demuestra las gestiones realizadas y su interés en notificarla. Además, la sentencia se entiende notificada en la fecha de la publicación del edicto. Ahora bien, reiteramos que una notificación enviada a la dirección incorrecta, por tratarse de una diferente a la que consta del expediente, tiene igual efecto que el de no haber sido notificada. *Vélez v. A.A.A., supra*, a la pág. 790.

Así pues, el envío de la carta de notificación pretende, en primer lugar, que otras partes en el pleito que sí comparecieron puedan advenir en conocimiento del momento exacto en el que comienza a decursar el término para apelar y, en segundo lugar, tratar de darle una notificación más efectiva a la parte que no compareció, de conocer el resultado del pleito al que ya fue emplazado por edicto y conocer su derecho a recurrir la misma. *R & G v. Sustache*, 163 DPR 491, 500 (2004).

Sin embargo, no es necesario que la parte demandante realice esfuerzos extraordinarios para dar con una parte cuyo paradero se desconoce y que, por lo tanto, ya fue debidamente emplazada y notificada mediante edictos. *Íd.* Lo único que se requiere es que la misma haya sido remitida a una **dirección razonablemente calculada y que no sea una dirección diferente a la que consta en expediente**.

En *Vendrell López v. AEE,* 199 DPR 352 (2017), nuestro Tribunal Supremo repasó varias determinaciones en las que interpretó el derecho sobre el requisito de envío de la carta de notificación de sentencia por edicto. En resumen, y ante tales circunstancias, ha reiterado que una parte promovente deberá acreditar que, **según su mejor conocimiento, sabía y estaba segura de que la dirección que utilizó para efectuar la notificación pertenecía o alguna vez perteneció a la parte promovida.**

En el caso ante nuestra consideración y según surge del expediente, el peticionario ha incluido en todo momento las mismas direcciones conocidas de las partes demandadas. Incluso, en más de una ocasión ha declarado desconocer el paradero de estos. Ello ha sido así desde la presentación de la demanda y la solicitud de los emplazamientos por edicto.

Así, ha certificado que las direcciones a las que se realizó el envío son las últimas direcciones conocidas por el peticionario y las mismas que surgen del expediente. Surge, además, que a esas mismas direcciones el TPI validó el envío de los emplazamientos por edicto y la anotación de la rebeldía. Ahora no puede pretender el foro primario que el peticionario haga un intento extraordinario por conseguir **otras** direcciones postales de la parte demandada a las utilizadas y avaladas para emplazar por edicto y anotar la rebeldía. Más aún, cuando el paradero de los demandados se desconoce. Lo que sería un ejercicio inútil lo que nuestro ordenamiento jurídico no valida.

Por otra parte, y sobre las distintas inscripciones en las cartas impresas por el correo postal, por ejemplo, la que advierte que no existe un receptáculo o buzón de correo postal, no significa que la dirección sea incorrecta, pues, puede suponer que es una dirección física válida que no cuenta o en la que el servicio postal no encontró

un depósito para correos. *Román Ortiz v.* OGPe, 203 DPR 947, 963-964 (2020). En ese sentido, la última dirección conocida puede ser una dirección física y, no necesariamente una postal, que no cuente con un depósito para cartas que no hace insuficiente la notificación de la determinación. *Íd*, a la pág. 964.

Por su parte, en *Román Ortiz v. OGPe, supra*, el más alto foro resolvió que, si la dirección de envío fue correcta y la correspondencia fue devuelta por la falta de un buzón, entonces renotificar el dictamen a la misma dirección hubiera sido inútil. En ese caso, la dirección se entendía correcta por ser la dirección a la que se habían realizado el envío de otras notificaciones y era la que constaba en el expediente. *Íd.* a la pág. 964.

De igual manera, respecto a la inscripción que advierte que la dirección es insuficiente, nuevamente, no se requiere de un esfuerzo extraordinario por el promovente. En *R & G v. Sustache,* supra, el Tribunal Supremo estableció que se violentó el debido proceso de ley solo porque el demandante conocía, y surgía del expediente, otra dirección postal a la que debían realizar el envío. No obstante, se mantuvo la normativa de que cuando el demandado no ha comparecido al pleito, la dirección a la que se le envíe tiene que estar razonablemente calculada, a la luz de las circunstancias particulares del caso, para darle una notificación efectiva y de cualquier derecho que lo cobije. *Íd.,* supra, a la pág. 504. Lo que significa que el demandante no tiene que hacer un esfuerzo extraordinario, sino que de existir o figurar en el expediente más de una dirección y la carta de notificación retornara de vuelta por el correo, con una inscripción de insuficiencia de dirección, vendría obligado a enviarla a otra posible dirección que surja del expediente. Esta no es la situación en el caso de autos, ya que como hemos reseñado el peticionario ha realizado los envíos a las últimas direcciones por él conocidas según surge del expediente del tribunal.

Así las cosas, precisa enfatizar que, del trámite judicial del expediente electrónico, se demuestra diáfanamente que el señor López Herrera ha sido consistente en que desconoce el paradero de los demandados e, incluso, el nombre de dos (2) de los codemandados, hijos de su hermana Gloria Esther López Herrera, así como que las últimas direcciones conocidas y las utilizadas para el emplazamiento y para el envío de la carta notificando la publicación de la sentencia por edicto son:

**Ángel Luis Caquías Herrera**
Callum núm.43 Springfield, MA 01199

**Florencio Caquías Herrera**
Callum núm.43 Springfield, MA 01199

**Teresa Santana Herrera**
177 Roy Street Springfield MA, 01104

**Gloria Esther López Herrera, sus hijos Jane Doe, Jonh Doe**
2226 Villa Grillasca Calle Rito Morel, Ponce, PR 00717

**Iris Margarita López Herrera**
Bo. La Gloria Sector Pellín Cruz Calle 5 núm.17 Trujillo Alto, PR 00976

Por tanto, en este escenario, y acorde con las particulares específicas del caso, no podemos coincidir con el raciocinio del TPI respecto a exigir que el peticionario, desconociendo otras direcciones postales o físicas de los demandados, realice esfuerzos adicionales ineficaces que a todas luces resultarán infructuosos. Ello, frustraría cabalmente la culminación efectiva del caso y contraviene la normativa jurisprudencial esbozada.

En conclusión, erró el TPI al determinar que las cartas de notificación habían sido devueltas por razones que hacían insuficientes las mismas, por lo que, la sentencia no es final, firme ni ejecutable.

**IV.**

Por los fundamentos antes expuestos, expedimos el recurso de *certiorari* y revocamos la *Orden* recurrida. En consecuencia,

devolvemos el caso ante el foro primario para la continuación de los procedimientos, conforme a lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones